UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ROBERT ANTHONY CLARK,

    Petitioner,

vs.

RANDY GROUNDS, Warden,

    Respondent.

                             /

No. C 11-6303 PJH (PR)

**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action filed pro se by a California prisoner currently incarcerated at the Correctional Training Facility in Soledad. It was transferred here from the United States District Court for the Eastern District of California. Petitioner has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 1986 petitioner pled guilty to first degree murder and arson. He was sentenced to prison for twenty-five years to life on the murder conviction, with a concurrent sentence of five years for the arson conviction. This petition is directed to a denial of parole on September 30, 2010. He claims to have exhausted these claims by way of state habeas petitions.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that:  (1) His Confrontation Clause rights were violated when the parole board relied upon a probation report and another statement containing hearsay; (2) his right to "individual consideration" was violated; (3) the parole board's application of "Marsy's law" was ex post facto; and (4) the parole board's use of a psychological evaluation involved a violation of the state administrative procedure act.

*Claim One.*

The Confrontation Clause applies only to criminal prosecutions, and thus does not apply to the parole eligibility hearing at issue here.  *See United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (Confrontation Clause does not apply to parole revocation proceedings).  Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

*Claim Two.*

The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be

2

heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *Id.* at 862. That is, there is no constitutional right to "individual consideration." Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

*Claim Three.*

Petitioner's claim that the application of Marsy's Law violated the Ex Post Facto Clause does not state a claim for relief. Marsy's Law increased the minimum deferral period between parole hearings from one to three years, and the maximum deferral period from five to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011). Advance hearings can be held by the Board sua sponte, or at the request of a prisoner, though the inmate is limited to one such request every three years. *Id.* at 1105. The Ninth Circuit reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause. *Id.* Gilman's holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts' rejections of petitioner's Marsy's Law claim could not have been unreasonable. Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

*Claim Four.*

Petitioner's contention that the parole board's use of a psychological evaluation violated the state's administrative procedure act is a state law claim, and thus not grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

## CONCLUSION

For the reasons discussed above, petitioner cannot obtain relief on any of his claims. The petition therefore is **DISMISSED**. Furthermore, because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack*

*v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  October 25, 2012.

　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　United States District Judge

G:\PRO-SE\PJH\HC.11\Clark6303.dismiss.wpd